**Rajinder Singh SACHDEV, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 1156, Docket 85–4112.**

United States Court of Appeals, Second Circuit.

Submitted April 17, 1986.

Decided April 22, 1986.

Gunnar A. Sievert, New York City (Leo E. Ypsilanti, P.C., on brief), for petitioner.

Jorge Guttlein, Sp. Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., and Steven E. Obus, on brief), for respondent.

Before KAUFMAN, TIMBERS and CARDAMONE, Circuit Judges.

PER CURIAM:

Rajinder Singh Sachdev entered the United States on September 12, 1982. His father had filed a visa petition on Sachdev's behalf, and the Immigration and Nationalization Service ("INS") approved the petition on the ground that Sachdev was an unmarried son of a lawful permanent resident. Accordingly, Sachdev obtained a "second preference" visa status ("first preference" being reserved for unmarried children of American citizens), pursuant to section 204 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1154.

On July 4, 1982, one week after submitting his visa application to the American Vice Consul at the American Embassy in India, Sachdev married. Without informing immigration officials of the change in his marital status, Sachdev entered the United States on September 12, 1982. On June 7, 1983, Sachdev filed a petition on behalf of his wife and newborn son, seeking their admission to the United States. The petition, which listed his date of marriage, alerted INS officials to the fact that Sachdev had married before he entered the United States. Accordingly, the INS commenced deportation proceedings against Sachdev on July 3, 1983, and an Immigration Judge found Sachdev deportable pursuant to 8 U.S.C. § 1251. The Board of Immigration Appeals affirmed the decision on March 7, 1985, and dismissed the appeal. Sachdev now petitions for review.

The substance of petitioner's claim is that the INS failed to abide by the notice requirements of 8 U.S.C. § 1155, which provides that the revocation of an approved visa petition has no effect "unless notice of the revocation is communicated through the Secretary of State to the beneficiary of the petition before such beneficiary commences his journey to the United States."

■ Sachdev claims that because he did not receive notification in India concerning the revocation of his visa petition, the INS now is precluded by its own regulations from deporting him. We disagree. Here, petitioner married subsequent to the approval of his visa petition, which had been granted on the basis of his unmarried status. To forbid the INS from deporting such aliens, we believe, would invite fraud by petitioners seeking similar preference status.

Sachdev contested the propriety of his deportation at the hearing before the Immigration Judge. We agree with the finding of the Board of Immigration Appeals that this proceeding provided Sachdev fair and adequate opportunity to rebut the Service's allegations that his visa was invalid. *See Matter of Alarcon*, 17 INS 574 (BIA 1980). We give great deference to the Board's reasonable interpretation of the notice requirements of section 205, particularly in view of the absence of contrary authority. *See INS v. Jong Ha Wang*, 450 U.S. 139, 144, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1982); *De Los Santos v. INS*, 690 F.2d 56, 60 (2d Cir.1982).

Sachdev also argues that the Service should be estopped from deporting him because officials failed adequately to warn him that if he married before entering the United States the approval of his visa petition would be revoked. For support, petitioner cites our holding in *Corniel-Rodriguez v. INS*, 532 F.2d 301 (2d Cir.1976), in which we held the INS could not deport an alien where American officials had failed to warn her that marriage before entering the country would nullify her visa preference status.

Here, as in *Corniel-Rodriguez*, the INS was required by regulation to warn an alien, "when appropriate, that he will be inadmissible as such an immigrant if he is not unmarried at the time of application for admission." 22 C.F.R. § 42.122(d) (modified in 1965). When he submitted his visa application, however, Sachdev signed a United States Department of State Optional Form 237 ("Statement of Marriageable Age Applicant"), which clearly set forth such a warning. Although petitioner complains the written warning should have been verbally translated for him into his native language, Punjabi, consular officials were justified in relying on Sachdev's own assertions on another form ("Optional Form 230") that he could read and write English. Accordingly, no translation was required. We believe this case presents a fundamentally different situation from the one in *Corniel-Rodriguez*, where the petitioner received neither oral nor written warning of the consequences of her marriage. 532 F.2d at 307 n. 19.[1]

Accordingly, the petition for review is denied.

---

1. Because the facts here do not demonstrate misconduct by government officials, we need not reach the question of the applicability of the Supreme Court's holding in *Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984).